```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```
GEROME McCULLOUGH,

              Petitioner,

   -vs-

GARY H. FILION, Superintendent,

              Respondent.
_____

**No. 01-CV-6484**

**DECISION AND ORDER**

## I.  Introduction

In 2001, Gerome McCullough ("McCullough" or "Petitioner") filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment entered in Monroe County Court on February 28, 1996, following a jury verdict convicting him of two counts of murder in the second degree and three counts of robbery in the first degree. The parties consented to disposition of the matter by a magistrate judge pursuant to 28 U.S.C. § 636(b), and on March 31, 2005, Magistrate Judge Victor E. Bianchini dismissed the petition and declined to issue a certificate of appealability. Judgment was entered the same day. On July 21, 2006, the United States Court of Appeals for the Second Circuit issued a Mandate dismissing McCullough's application for a certificate of appealability, agreeing with Magistrate Judge Bianchini that McCullough had not made a substantial showing of the denial of a constitutional right. The Mandate was filed in this Court on September 21, 2006.

For the following seven years, there was no activity by McCullough. Then, on October 19, 2012, McCullough filed a "Notice of Motion Pursuant to Rule 60(b)(1)(6) of the Federal Rules of Civil Procedures [sic]". (Dkt. #17). In the motion, McCullough seeks (1) the appointment of counsel, (2) an evidentiary hearing, and (3) an order vacating the judgment dismissing his petition pursuant to subsection (3) of the Rule 60(b) of the Federal Rules of Civil Procedure.

As Magistrate Judge Bianchini's term in this District has concluded, this matter has been transferred to the undersigned for further proceedings. For the reasons set forth below, McCullough's motion is denied in all respects.

**II.   Discussion**

    **A.   Rule 60(b) Relief**

Rule 60(b) of the Federal Rules of Civil Procedure, properly applied, "strikes a balance between serving the ends of justice and preserving the finality of judgments." Nemaizer v. Baker, 793 F.3d 58, 61 (2d Cir. 1986) (citations omitted). The moving party bears the burden of proof and must convince the reviewing court that "exceptional circumstances" exist for vacating the judgment. United States v. International Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001). All Rule 60(b) motions must "be made within a reasonable time," Fed. R. Civ. P. 60(b), and motions under Rule 60(b)(1), (2) and (3) must be made within one year after the

judgment, id., 60(c). The Second Circuit also requires that the evidence in support of the motion be "highly convincing," Koticky v. United States Fidelity & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987) (quotation omitted); that the movant show good cause for the failure to act sooner, id. (citations omitted); and that no undue hardship be imposed on the opposing parties, id. (citation omitted).

Pursuant to Rule 60(b), "[o]n motion and just terms, a court may relieve a party or its legal representative from a final judgment, order, or proceeding" for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Although McCullough mentions subsection (6) of Rule 60(b) in the title of his pleadings, he solely refers to subsection (3) (fraud on the court) in his moving papers. See, e.g., Petitioner's Affidavit ("Pet'r Aff.") at 2, ¶3. McCullough's

application for relief under Rule 60(b)(3) is clearly untimely as it was made well-after the one-year deadline expired.

Even if the Court deemed McCullough's motion as eligible for consideration under Rule 60(b)(6), which is the catch-all provision reserved for relief in the interests of justice and which does not have a time limitation, it still must fail. Subsection (6) "is properly invoked when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." Nemaizer v. Baker, 793 F.2d at 63 (citation omitted). A motion for relief under Rule 60(b)(6) must be filed "within a reasonable time." FED. R. CIV. P. 60(b)(6).

The "new evidence" offered by McCullough in support of his Rule 60(b) motion pertains to his habeas claim that the trial court erred in permitting an in-court identification of him for which the prosecution failed to serve prior notice pursuant to N.Y. Crim. Proc. Law ("C.P.L.") § 710.30 ("710.30 notice"). Several days into the trial, the prosecutor informed the court and defense counsel that two witnesses, Roman and Bermudez, had told her the previous day that they had observed a photograph of McCullough at the police station when they were interviewed at the time of the incident. However, the prosecution's § 710.30 notice did not indicate that Roman and Bermudez had identified McCullough in a pre-trial

identification procedure. At the time the issue arose, Bermudez already had testified and made an in-court identification of McCullough, though Roman had not yet testified.

In a hearing conducted outside the presence of the jury, Bermudez testified that she observed a color photograph of McCullough in a six-person array, while Roman testified that the photograph she saw of McCullough was black-and-white and appeared in an "album" with many pages.

However, the testimony of Roman and Bermudez conflicted with that of the four officers who interviewed them at the police station. Officer Sheridan explained that he had to take extra steps in compiling the McCullough photo array, because the only photograph available of McCullough was in black-and-white. Therefore, Officer Sheridan printed the rest of the pictures in black-and-white so as not to call attention to McCullough. Officer Sheridan indicated that he was the only officer who had possession of the McCullough photo array that night, and that he never gave it to any of the other investigating officers. Officer Sheridan testified that Bermudez could not have seen a color photograph of McCullough because there was only one photograph of him, and it was black-and-white. He further stated that he never showed the McCullough photo array to Bermudez or Roman.

In sum, all four police officers who had contact with Bermudez and Roman testified that they never showed either of them a

photograph of McCullough. Moreover, Officer Montalvo testified that the practice of showing "albums" of mug shots to witnesses, such as the kind allegedly seen by Roman, was discontinued by the department in 1989. The trial court credited the officers' testimony and concluded that Bermudez and Roman were mistaken and, in fact, had not been shown a photograph of McCullough by the police.

Finding no reason to disturb the trial court's determination, which rested on the credibility of the witnesses and thus is entitled to great weight, the Appellate Division held on direct appeal that no § 710.30 notice was required since Bermudez and Roman had not participated in a pre-trial identification procedure with McCullough.

Magistrate Judge Bianchini held that he was bound to accept these factual findings by the state courts because McCullough had failed to rebut the presumption of correctness by clear and convincing evidence as required by 28 U.S.C. § 2254(e)(1). See Harris v. Kuhlmann, 346 F.3d 330, 350 (2d Cir. 2003) (noting that Section 2254(e)(1)'s "presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility") (quotation omitted).

In his Rule 60(b) motion, McCullough contends that he has exposed "fraud" on the part of the police and prosecutor in their representations "that the witnesses never viewed a color photo of

the petitioner, they only saw a black and white [photo], and that in fact, their [sic] was no color photo of the petitioner on file." Pet'r Aff. at 2, ¶ 5. Petitioner has produced documents obtained as the result of a Freedom of Information Law ("F.O.I.L.") request made on or about June 6, 2005, for information regarding any arrest photographs of him. The response from the City of Rochester indicates that it was in possession of two (2) color photographs of McCullough, one take on November 14, 1994, and the other taken on November 22, 1994. See Exhibit 1 to Pet'r Aff. McCullough argues that this constitutes "clear and convincing evidence" proving that Officer Sheridan lied when he stated that the only photograph available of McCullough was in black-and-white. According to McCullough, this constitutes "fraud upon the court" both at the state and federal levels and establishes that he was unconstitutionally convicted.

As an initial matter, the Court finds that McCullough's motion was not made within a reasonable time. McCullough obtained the information concerning the two color photographs, the basis of this motion, in June 2005. However, he waited over seven years until seeking Rule 60(b) relief. Under the circumstances of this case, seven years is unreasonable as a matter of law.

Furthermore, the existence of two color photographs of McCullough, contradicting Officer Sheridan's testimony that there was only one black and white photo available, does not require the

extraordinary relief afforded by Rule 60(b)(6) because it does not establish that a constitutional error at McCullough's trial. The gravamen of McCullough's habeas claim is that the prosecution failed to properly serve a § 710.30 notice as to Bermudez and Roman. This is question of state law, and a trial court's alleged breach of a state law is not cognizable in a federal habeas proceeding. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (stating that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions" and "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States"). Thus, even if the admission of the identification testimony at issue did contravene C.P.L. § 710.30(1), a federal constitutional violation did not result since the Constitution does not guarantee a right to advance notice of identification testimony. Dotson v. Ercole, No. 06 Civ. 7823(BSJ)(DFE), 2009 WL 1615997, at *2 (S.D.N.Y. June 9, 2009) (citing Aziz v. Warden of Clinton Corr. Fac., No. 92 Civ. 0104, 1992 U.S. Dist. LEXIS 14542, at *31 (S.D.N.Y Sept. 8, 1992) (holding that "[v]iolation of this state right to notification [i.e., C.P.L. § 710.30] does not rise to the level of a constitutional violation"); Roberts v. Scully, 875 F. Supp. 182, 191 (S.D.N.Y.1 995) (finding that violation of C.P.L. § 710.30 does not "reflect a claim of constitutional magnitude," so that any error is not cognizable on a habeas review).

In light of the Court's disposition of McCullough's application for relief under Rule 60(b), his applications for appointment of pro bono counsel and an evidentiary hearing are moot. Accordingly, they are dismissed.

**III. Conclusion**

For the foregoing reasons, Gerome McCullough's motion (Dkt. #17) seeking relief under Rule 60(b), appointment of counsel, and an evidentiary hearing, is denied in its entirety with prejudice.

**SO ORDERED.**

                                    **S/Michael A. Telesca**

                                    _____
                                    HONORABLE MICHAEL A. TELESCA
                                    United States District Judge

DATED:    Rochester, New York
             November 7, 2012